IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES K. HAMILTON, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. DKC-23-2416 |
| STATE OF MD. TREASURY, JENNIFER RICHIE, | * | |
| *Probation Officer* | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM OPINION

Self-represented Plaintiff Charles K. Hamilton filed the above-entitled civil rights complaint on September 1, 2023, together with a motion to proceed *in forma pauperis*, which this court now grants. For the reasons that follow, Mr. Hamilton's complaint must be dismissed in part and he will be given an opportunity to amend the complaint.

Mr. Hamilton alleges that his civil rights were violated when his probation officer Jennifer Richie violated his probation "based on a polygraph examination that was performed on 1/25/23 at the Maryland State Police Barracks in LaVale, Maryland." ECF No. 1 at 4. As a result, Mr. Hamilton was arrested on April 12, 2023, and remained incarcerated for fifty-nine days. *Id*. Mr. Hamilton adds that Ms. Richie also did not give him notification "stating that a violation had been reported to the Mineral County Circuit Court."[1] *Id*. He claims that the polygraph evidence did not satisfy the standard of proof, which he states is a preponderance of

---

[1] Mr. Hamilton has attempted to sue for damages in connection with his 2008 criminal case in Mineral County, West Virginia on a prior occasion. *Hamilton v. Mineral Co., W. Va., et al.*, Civil Action JRR-23-378. That case was dismissed on March 9, 2023. *Id*. at ECF No. 10. His claim in that case was that the evidence against him in the criminal case was deficient, but also revealed he had entered a guilty plea to the charge of incest. *Id*. Mr. Hamilton was sentenced to serve five to fifteen years followed by twenty-five years of probation. *Id*.

the evidence for a violation of probation proceeding. ECF No. 1-1 at 1. Attached to his complaint is a letter Mr. Hamilton sent to the Maryland State treasurer in pursuit of a remedy under the Maryland Tort Claims Act. He seeks $250,000 in damages.

As noted, Mr. Hamilton filed this Complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or

one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.*, citing *Florida Department of Health v. Florida Nursing Home Assn.,* 450 U.S. 147 (1981) (*per curiam*). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original). To the extent that Mr. Hamilton is attempting to file a claim under the Maryland Tort Claim Act against the Maryland Treasury, he may not do so in this court and that claim must be dismissed without prejudice.

Mr. Hamilton's claim against his probation officer, Defendant Jennifer Richie, is that she "violated" his probation based on a polygraph examination. ECF No. 1 at 4. He does not provide sufficient information to place Ms. Richie on notice of the basis of the claim against her. *See* Fed. Rule Civ. P. 8(a) (requiring a short and plain statement of the claim showing that the pleader is entitled to relief). Liberally construed, Mr. Hamilton appears to be asserting a violation of his Fourth Amendment right to remain free from unreasonable seizure. An arrest for violation of probation must be supported by a "reasonable suspicion" that conduct amounting to a violation has occurred. *See Jones v. Chandrasuwan*, 820 F.3d 685, 693 (4th Cir. 2016) ("probation officers must have reasonable suspicion before seeking the arrest of a probationer for allegedly violating conditions of his probation."). A reasonable suspicion "is present when there is 'a sufficiently high probability that criminal conduct is occurring to make the intrusion on the individual's privacy interest reasonable.'" *Id.*, quoting *United States v. Knights*, 534 U.S. 112, 121 (2001). Here, Mr. Hamilton has not included sufficient facts regarding his claim such as: the condition of probation he allegedly violated; the outcome of the violation of probation hearing; the content

of the violation of probation notice; or an explanation as to why the polygraph results were an insufficient basis for his arrest. Without those factual allegations he has not stated a Fourth Amendment claim that he was arrested without a reasonable suspicion.

In light of his self-represented status, Mr. Hamilton will be provided an opportunity to file an amended complaint that includes the factual basis for his claim that he was arrested without a reasonable suspicion that he violated his probation. Mr. Hamilton should also explain what occurred at the violation of probation hearing and describe the content of the notice provided charging him with a violation of probation. He is reminded that the amended complaint "ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001). Thus, the amended complaint must include all claims he intends to raise against his probation officer. Mr. Hamilton is also forewarned that failure to file an amended complaint that complies with the requirements stated herein will result in dismissal of the remaining claim without further notice.

A separate Order follows.

September 22, 2023
                                              /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge